UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

PETSMART LLC
dba PetSmart #0348,
and FLAGLER S.C., LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Petsmart LLC d/b/a PetSmart #0348 and Defendant Flagler, S.C., LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Petsmart LLC (also referenced as "Defendant Petsmart," "operator," lessee" or "co-Defendant") is a foreign corporation authorized to transact business in Florida. Petsmart LLC is headquartered in Phoenix, Arizona and is a privately held chain of pet superstores which sell pet products and provide services for pets. PetSmart is the leading North American pet company and its direct competitor is Petco. Its indirect competitors are Amazon, Walmart, and Target.

6. Defendant Flagler, S.C., LLC (also referenced as "Defendant Flagler," "lessor," "owner," or "co-Defendant") is the owner of real property located at 8221 West Flagler Street, Miami, Florida 33144, which is also referenced as Folio 30-4003-035-0050. Defendant Flagler's real property is built out as a community shopping center. Defendant Flagler leases its mixed-use community shopping center (in part) to public accommodations including (but not limited to) an Outback restaurant, a U-Fit Health Club, a Walgreens Pharmacy, a Publix Supermarket, and a hair salon. Defendant Flagler also leases a portion of its mixed-use commercial center co-Defendant Petsmart who in turn operates its "PetSmart" brand retail store (which is the subject of this instant action) at that location.

## FACTS

7. PetSmart is an American retail pet store chain that has more than 1,650 stores in the United States, Canada, and Puerto Rico. PetSmart brand stores sell pet food, pet supplies, pet accessories, and small pets (birds, reptiles and fish). Stores also provide grooming, dog daycare, dog and cat boarding, veterinary care (via in-store third-party clinics) and dog training. All PetSmart stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) as an "other" sales establishment. The PetSmart store located at 8241 West Flagler Street (which is within the 8221 West Flagler Street community shopping center) which is the subject of this complaint is also referenced as "PetSmart (retail) store," "PetSmart #0348 (store)," "(retail) store," or "place of public accommodation."

8. As the operator of retail stores which are open to the public, Defendant Petsmart is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a retail store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity to Plaintiff's home to the PetSmart #0348 store, on May 28, 2021 Plaintiff went to the store to shop.

10. On entering the PetSmart store, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of the PetSmart store (Defendant Petsmart) and by the

owner/lessor of the commercial property which houses the PetSmart store (Defendant Flagler).

12. Defendant Petsmart operates more than 1,650 stores so is well aware of the ADA and the need to provide for equal access in all areas of its stores. Therefore, Defendant Petsmart's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its PetSmart #0348 store is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As the owner of a community shopping center which is operated as various places of public accommodation including as retail stores open to the public, Defendant Flagler is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant Flagler is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the PetSmart #0348 store, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the PetSmart #0348 store, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant Petsmart (operator of PetSmart #0348) and Defendant Flagler (owner/lessor of the community shopping center housing that PetSmart store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the PetSmart store, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the PetSmart #0348 store.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Flagler and which houses the PetSmart #0348 store that is operated by Defendant Petsmart is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both the

owner/lessor and the lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

    i.    As to Defendant Petsmart (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the lavatory without assistance, as the pull strength needed to open the door was too great since Plaintiff is confined to his wheelchair. Section 4.13.11(b); 2010 ADA Standards for Accessible Design states that the door opening force for interior hinged doors shall not exceed 5 lbf (22.2N). The door represents an insurmountable barrier to independent entry to the restroom by the Plaintiff and other individuals who use wheelchairs.

    ii.    As to Defendant Petsmart (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the flush control is mounted on top. ADA Standards require accessible toilets to have water closet flush controls mounted on the open side of the water closet. This is a violation of Section 4.16.5 of the ADAAG and Sections 604.6 of the 2010 ADA Standards for Accessible Design.

    iii.    As to Defendant Petsmart (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not use the soap dispenser without assistance, as the lavatory soap dispenser is at an inaccessible height, in violation of 28 C.F.R. Part 36, Section 308 of the 2010 ADA Standards for Accessible Design, and Code Section §606.1.

    iv.    As to Defendant Petsmart (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning

hazard because the lavatory pipes and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

26. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a PetSmart retail store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the retail store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Flagler, S.C., LLC (owner of the commercial property housing the PetSmart #0348 store) and Defendant Petsmart LLC (operator of the PetSmart #0348) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring that Defendants alter the commercial property and the PetSmart #0348 store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

      d)        The Court award reasonable costs and attorneys fees; and

      e)        The Court award any and all other relief that may be necessary and appropriate.

Dated this 24th day of June 2021.

                            Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*